UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| QUINTIN HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.: 3:13-CV-642-TLS |
| v. | ) | |
| | ) | |
| THOMAS STRAUSBERGER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Quintin Holmes, a prisoner who is proceeding in this litigation *pro se*, filed an amended complaint under 42 U.S.C. § 1983 [ECF No. 7]. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In other words, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, the court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Holmes claims that three officers from the Fort Wayne Police Department violated his constitutional rights. Specifically, he alleges that Sergeant Thomas Strausberger had a vendetta against him based on a 2007 criminal case in which Holmes was convicted of criminal

recklessness after shooting at Sergeant Strausberger. Holmes claims that he served three years in prison for this offense. He further claims that following his release, on September 30, 2010, Officer David Klein stopped him for no reason, searched his pockets, and used excessive force against him. He alleges that Officer Klein and Sergeant Strausberger then arrested him on a "trumped up charge," and that on the same date Officer Shane Pulver, acting in concert with the other two officers, searched his home without a warrant or his consent. It is apparent from the complaint that Holmes was convicted of some criminal offense based on these events,[1] and is presently incarcerated pursuant to that conviction. In this suit, he seeks $3 million in damages against the three officers, among other relief.

The Fourth Amendment guarantees the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST . AMEND. IV. Claims for false arrest, excessive force, unlawful search, and other Fourth Amendment violations accrue at the time of the violation. *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). In Indiana such claims must be brought within two years. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Although timeliness is an affirmative defense, dismissal at the pleading stage is appropriate if the defense is apparent from the complaint itself. *See Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002). Here, it is apparent from the Complaint that Holmes is complaining about an arrest that occurred in September 2010, which was more than two years ago. His Fourth Amendment claims are untimely and must be dismissed.

---

[1] Attachments Holmes's submits show that he was arrested on charges of dealing in cocaine, possession of marijuana, and resisting law enforcement. (ECF No. 7 at 10-12.)

For the sake of completeness, the court notes that Holmes may also be trying to raise a claim that he is being wrongfully incarcerated because of the officers' actions, or that he was given an unduly long sentence because of Sergeant Strausberger's improper influence. These claims would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), because they rest on a presumption that his conviction and sentence are invalid. The claims cannot be brought unless and until his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486–87.

For the reasons set forth above, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on August 13, 2013.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION